UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| HARLAN BROWN and DONNA BROWN<br>Individually and on behalf of all others<br>similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>HOMESITE GROUP INCORPORATED<br>d/b/a HOMESITE HOME INSURANCE<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 14-cv-04026<br>)<br>)<br>)<br>)<br>)<br>) |

**AGREED UPON PROTECTIVE ORDER**

Upon joint motion of plaintiffs and Homesite Insurance Company of the Midwest ("Homesite") and for good cause shown, the Court finds that the Motion for Entry of Protective Order (ECF No. 26) should be and hereby is **GRANTED**. All documents produced by the parties in this lawsuit be subject to the following:

1. As hereinafter used, the term "Confidential Information" means

 a. any claims manual or documents related to claims-handling procedures maintained, written, or used by Homesite;

 b. information concerning any current or former Homesite insured maintained by Homesite, and/or claims made by any current or former Homesite insured maintained by Homesite, and specifically any putative class members in this action; or

      c. any document, information, deposition transcript, exhibit, or other material derived from, referring to, or containing, in whole or in part, the documents and/or information described in sections 1(a) and 1(b).

    2. The producing party ("producing person") shall label or mark documents, electronic data and things that it deems to contain "Confidential Information" with the legend "CONFIDENTIAL" on the face thereof or "CONFIDENTIAL – SETTLEMENT NEGOIATIONS." Where large numbers of documents are produced for inspection by the producing person, the producing person may produce them thereafter specifically labeled or marked with one of the above legends only those documents of which the opposing party requests a copy. Any documents or electronic data so designated within this thirty (30) day period shall be treated as provided for in the relevant provisions of this Order.

    3. All Confidential Information designated as "CONFIDENTIAL" shall be maintained subject to the following restrictions:

      a. It shall be used solely for the purposes of this proceeding and not for any other litigation and not for any business or other purposes whatsoever.

      b. It shall not be given, shown, made available, or communicated in any way to anyone other than: (i) the parties, which shall include defendant and the named plaintiffs and members of any certified class or subclass; (ii) inside or outside counsel for the parties to this proceeding (including their associates, paralegals, secretaries, and employees); (iii) independent experts retained by plaintiffs or counsel specifically in connection with this action and whom plaintiffs have agreed to pay for their services rendered in this action to furnish technical or expert services and/or give

testimony in this proceeding; (iv) any witness, actual or potential; (v) the Court in any further proceeding herein; (vi) stenographic reporters, outside photo-copying services, and other outside administrative persons who are engaged in such proceedings or activities as are necessary to conduct this Action; and (vii) persons to whom such is required as a consequence of the process of any court.

4. Confidential Information that is designated as "CONFIDENTIAL – SETTLEMENT NEGOTIATIONS" is subject to the restrictions in paragraph 3.b. In addition, such information may not be used in this litigation other than for purposes of settlement negotiations.

5. The attorneys for plaintiffs and defendant shall not, under any circumstances, exhibit, provide copies of or otherwise disclose the content of any protected materials to any other persons, including but not limited to any competitor of the producing party or any known agent, consultant or affiliate thereof.

6. All documents of any nature (including, but not limited to, briefs, affidavits, motions, declarations, discovery responses and items of tangible evidence, such as computer disks) that are filed with the Court for any purpose and contain Confidential Information shall be filed in sealed envelopes or other sealed containers marked with the title of this proceeding and identifying each document and thing therein and bearing a statement substantially in the following form:

> This envelope containing the above-identified papers or items filed by [name of party] is not to be opened, and the contents thereof is not to be displayed or revealed except by order of the Court.

However, pleadings or other court filings that make reference to Confidential Information, but do not quote therefrom, or characterize and/or summarize the contents thereof, need not be filed

under seal.  Any pleadings or other court filings that contain Confidential Information need not be filed under seal if the parties consent in writing prior to any such filing, and such consent may include an agreement between the parties to redact some or all of the Confidential Information contained in such filing.

7. All persons having access to information, documents, electronic data and things designated as "CONFIDENTIAL" or "CONFIDENTIAL – SETTLEMENT NEGOTIATIONS" shall be given a copy of this Order prior to being shown such documents, electronic data, things and/or information, and its provisions shall be explained to them by an attorney of record.  Each such person, prior to having access to said confidential documents, electronic data, things and/or information, shall agree not to disclose to anyone not exempted by this Order any Confidential Information derived therefrom and not to make use of any such Confidential Information other than for purposes of this Action and shall acknowledge in writing, by signing a "Non-Disclosure Agreement" in the form of Exhibit "A" attached hereto, that such person is fully conversant with the terms of this Order and agrees to comply with it and be bound by it.  The attorneys for plaintiffs and defendant shall provide each other a copy of each signed Non-Disclosure Agreement within 30 days after final conclusion of all aspects of this litigation.  Further, within said time, the attorneys for plaintiffs and defendant shall instruct each recipient of the protected material of their obligation not to disclose such information, in accordance with this Order.

8. In the event that any person or party (a) is served with a subpoena in another action, or (b) is served with requests for production of documents, interrogatories, or any type of formal or informal demand in another action to which he or she is a party, or (c) is served with any other legal process or paper by one not a party to this litigation seeking or requesting disclosure of proprietary or confidential information, that person shall object to its production

and shall give prompt written notice of such event to counsel of record for the party who produced said proprietary or confidential information. Thereafter, the party who produced said proprietary or confidential information shall assume responsibility for preserving and prosecuting any objection to the subpoena, demand or other legal process. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information. Should the person seeking access to the confidential or proprietary information take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in his response the existence of the Protective Order. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of proprietary or confidential information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

9. Any document or other item designated as "CONFIDENTIAL" may be used in the course of any deposition of the party producing such document without consent, and in any other deposition of any person bound by the terms and conditions of this Order pursuant to order of this Court, or with the consent of the party producing such document or item, subject to the condition that when such designated document or item is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such designated document or item or any portion of the deposition relevant thereto is being taken pursuant to this Order.

10. The original and all copies of any deposition transcript shall, at the request of any attorney for a party, initially be fully subject to the relevant provisions of this Order. The attorney for a party thereafter shall have thirty (30) days after receipt of the transcript to designate those portions of the testimony that are deemed by the attorney to include Confidential

Information. The reporter shall promptly conform the original copy and counsel shall conform their copies in accordance with counsel's designation. The portions so designated shall be separated and treated as provided in Paragraph 3 of this Order and shall be fully subject to the relevant provisions of this Order. After the expiration of such thirty (30) days, all portions not so designated shall be free from the provisions of this Order.

11. The inadvertent or unintentional production of documents or electronic data containing Confidential Information without such designation shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege either as to the specific information disclosed therein or as to the same or related subject matter, provided that the party asserting the claim of confidentiality or privilege informs the opposing party of its claim within a reasonable time after learning that confidential or privileged documents or electronic data had been inadvertently or unintentionally produced. The opposing party shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such confidential information, or information contained therein, is made. No party shall have any liability under this Order for disclosing any information after the expiration of the initial thirty (30) day period referenced in paragraph 6 above and prior to the designation of the information as confidential.

12. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance, privilege, or any other ground other than confidentiality. The right to object includes the right to assert an objection on the basis that the request calls for the disclosure of Confidential Information that a party does not believe can be adequately protected by this Order. In response to such objection, the party seeking disclosure of Confidential Information shall not be precluded from asserting that the

terms of the Protective Order are impeding the party's ability to obtain the discovery necessary to prepare their case.

13.　On final determination of this litigation, including all appeals, each party or other person subject to the terms hereof shall, at the request of the producing party, destroy all materials, electronic data and documents constituting Confidential Information, all copies, summaries and abstracts thereof, and all other materials, memoranda or documents embodying data concerning said materials, electronic data and documents constituting Confidential Information, and certify such destruction by letter to the producing party within thirty (30) days of receiving the request of the producing party. The Court will have continuing jurisdiction to enforce this Order through this litigation and following its conclusion. The parties agree that any such enforcement proceedings will, subject to the schedule and approval of the Court, be determined on an expedited basis.

14.　By entering this Protective Order, the Court does not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute between the parties as to the confidentiality of any specific material shall be resolved pursuant to paragraph 15 herein.

15.　If any party believes that any material produced does not contain confidential or trade secret information, it may, at any time, contest the applicability of this Protective Order to such material by notifying the attorneys for the party asserting this Order's application and identifying the material contested. Upon such notification, said party asserting this Order's application shall have forty-five (45) days in which to make a specific Motion for Protective Order with respect to such material. As to any contested material for which such a motion is not

made or the requested relief is not granted, such material shall be deemed outside the scope of this Protective Order.

    16.    This Protective Order may be modified by the Court *sua sponte* or upon motion of the parties for good cause shown.

    **IT IS SO ORDERED**, this 30th day of June, 2014.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge

**APPROVED:**

| | |
|---|---|
| W.H. Taylor, 81154 | Judy Y. Barrasso, *Pro Hac Vice*, LA Bar 28203 |
| Stevan E. Vowell, 75134 | Stephen L. Miles, *Pro Hac Vice*, LA Bar 31263 |
| William B. Putman, 91198 | BARRASSO USDIN KUPPERMAN |
| Timothy J. Myers, 92110 |   FREEMAN & SARVER, L.L.C. |
| TAYLOR LAW PARTNERS | 909 Poydras Street, 24th Floor |
| 303 E. Millsap Road | Telephone:    (504) 589-9700 |
| P.O. Box 8310 | Facsimile:    (504) 589-9701 |
| Fayetteville, AR 72703 | |
| Telephone:    (479) 443-5222 | Marshall S. Ney, Ark. Bar No. 91108 |
| Facsimile:    (479) 443-7842 | MITCHELL, WILLIAMS, SELIG, |
| |   GATES & WOODYARD, P.L.L.C. |
| Counsel for Plaintiffs and the | 5414 Pinnacle Point Drive, Suite 500 |
|   Proposed Class | Rogers, AR 72758 |
| | Telephone:    (479) 464-5653 |
| | Facsimile:    (479) 464-5680 |
| | |
| | Attorneys for Homesite Insurance Company |
| |   Of the Midwest |

## EXHIBIT "A"

## NON-DISCLOSURE AGREEMENT

I, _____ , declare as follows:

1. I understand that the information, electronic data and/or documents to be provided to me identified as Confidential Information are subject to a Protective Order in the action titled *Harlan Brown and Donna Brown, Individually and on behalf of all others similarly situated, v. Homesite Group, Incorporated, d/b/a Homesite Home Insurance*, Case No. 2014-cv-02046, and constitute Confidential Information that is to be used only for the purpose of this litigation. I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than that described above.

2. I have read the Protective Order entered in this litigation and agree to be bound by its terms. I agree not to use or permit the use of any Confidential Information for any purposes other than in connection with this Litigation, and I agree not to use or permit the use of any such Confidential Information for any business or competitive purpose whatsoever. I further agree not to disclose any Confidential Information obtained pursuant to this Protective Order to any person who is not also bound by the terms of the Order except as I may be required as a consequence of the process of any court.

3. I hereby submit to the jurisdiction of any court within the United States that may otherwise have jurisdiction over this litigation and/or any proceedings to enforce the terms of the Protective Order against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print name: _____

Address: _____

_____

Date: _____