IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HARLAN BROWN and DONNA
BROWN, Individually and on behalf
of all others similarly situated                                                              PLAINTIFFS

v.                                        Case No. 4:14-cv-04026

HOMESITE GROUP INCORPORATED
d/b/a HOMESITE HOME INSURANCE                                                    DEFENDANT

## ORDER

Before the Court is a Motion for Judgment on the Pleadings filed by Defendant Homesite Insurance Company of the Midwest ("Homesite"). (ECF No. 35). Defendant requests that the "putative class members' claims based on payments by Homesite more than five years prior to the filing of this suit must be dismissed as time-barred." The Plaintiffs have responded. (ECF No. 42). Plaintiffs respond that they do not oppose the relief requested by Homesite, but will continue to litigate their claims arising within five years before the filing oft he suit. The Court finds this matter ripe for its consideration.

Plaintiffs filed a class action complaint in the Circuit Court of Miller County Arkansas on November 22, 2013. That case was removed to this Court on February 5, 2014. In its Complaint, named Plaintiffs assert that Defendant breached its contracts with them and was unjustly enriched by depreciating the cost of labor when paying claims. The named Plaintiffs, Harlan Brown and Donna Brown ("the Browns"), contracted with Homesite for insurance coverage on their dwelling. On February 27, 2013, the Browns suffered a covered loss to their property and timely submitted a claim requesting payment. In calculating its payment obligations to the Browns, Homesite subtracted from the adjuster's estimate the amount of the deductible as well as an amount for depreciation. The depreciation included the costs of both material and labor. The Browns assert that Homesite's depreciation for the cost of labor constituted a breach of the parties' contract, and also that Homesite was unjustly enriched by the deduction. In their

Complaint, the Browns seek to represent a class of individuals composed of all persons who received similar payments from Homesite "arising from events that occurred within the ten years preceding the date of filing of this Class Action Complaint." (ECF No. 3 ¶ 33).

Homesite now argues that the applicable statutes of limitations limits the class claims to payments made by Homesite within the five years preceding the filing of the Complaint. Homesite argues that all claims based on payments made before November 22, 2008 should be time barred. Plaintiffs agree, but they note that they will continue to litigate their claims against Homesite individually and on behalf of all persons or entities that received an "actual cash value" payment from Homesite within the five years preceding the filing of the Complaint.

The Court finds that the relevant Arkansas statutes of limitations, Ark. Code. Ann. § 16-56-111(b) (contract); *Chalmers v. Toyota Motor Sales, USA Inc.*, 935 S.W.2d 258, 261 (Ark. 1996) (contract); Ark. Code. Ann. § 16-56-105 (unjust enrichment), as well as recent rulings from this Court, *Larey v. Allstate Prop. & Cas. Co.*, No. 4:14-CV-04008, 2014 WL 4823872, at *6-*8 (W.D. Ark. Sept. 26, 2014); *Doss v. Am. Family Home Ins. Co.*, No. 4:14-CV-04007, 2014 WL 4793709, at *1 (W.D. Ark. Sept. 25, 2014), support Homesite's assertion that the Plaintiff class's claims are limited to those which were paid out after November 22, 2008.

Accordingly, all claims of the Plaintiff class arising before November 22, 2008 are barred by the applicable statutes of limitations. All claims arising after that date remain. Defendant's Motion for Judgment on the Pleadings (ECF No. 35) is hereby **GRANTED.**

**IT IS SO ORDERED**, this 20th day of January, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge