IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HARLAN BROWN and DONNA
BROWN, individually and on behalf
of all others similarly situated                                              PLAINTIFFS

v.                              Case No. 4:14-cv-4026

HOMESITE GROUP INCORPORATED
d/b/a HOMESITE HOME INSURANCE                                                 DEFENDANT

## ORDER

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives and Appointment of Class Counsel. (ECF No. 51). Plaintiffs and Defendant Homesite Group Incorporated ("Homesite") have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Stipulation of Settlement (the "Stipulation") filed with the Court on March 24, 2016. (ECF No. 51-1). On December 2, 2016, the Court held a hearing regarding the motion. The Court finds this matter ripe for consideration.

**IT IS HEREBY ORDERED THAT**:

1.   The Stipulation is incorporated by reference in this Order, and all terms defined in the Stipulation shall have the same meanings in this Order.

2.   The Stipulation and Proposed Settlement are preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Proposed Settlement is hereby **GRANTED** in all material respects, subject to further consideration at the Final Approval Hearing. However, the Court does find that the Stipulation must be amended in

certain non-material respects, as specifically noted below. Provisions of this Order that deviate from the terms of the Stipulation will be underlined.

   3. Contingent upon final approval of the Proposed Settlement, and pursuant to Federal Rule of Civil Procedure 23, Plaintiffs' motion for preliminary class certification is hereby **GRANTED**. The following Settlement Class is conditionally certified for settlement purposes only:

> All persons and entities who received actual cash value ("ACV") payments, directly or indirectly, from Homesite Insurance Company of the Midwest for physical loss or damage to their dwelling or other structures, such dwelling or other structures located in Arkansas, at any time during the Class Period, where the cost of labor was depreciated and never subsequently reimbursed by Homesite.
>
> Excluded from the Class are: (1) All person and entities who received a replacement cost payment from Homesite Insurance Company of the Midwest; (2) All persons and entities who received a payment at least equal to the applicable policy limits on a total loss claim; (3) Homesite and its affiliates, officers, and directors; (4) Members of the judiciary and their staff to whom this action is assigned; and (5) Plaintiffs' counsel.
>
> "Class Period" means the period of November 22, 2008, through the date of Preliminary Approval.

   4. Plaintiffs Harlan Brown and Donna Brown are preliminarily appointed as representatives of the Settlement Class ("Class Representatives"), and the Court preliminarily finds that the following attorneys for Plaintiffs satisfy the adequacy requirement of Federal Rule of Civil Procedure 23, and appoints such as counsel for the Settlement Class ("Class Counsel"):

| | |
|---|---|
| Matt Keil | W.H. Taylor |
| John C. Goodson | Steven E. Vowell |
| **KEIL & GOODSON P.A.** | William B. Putman |
| 406 Walnut St. | **TAYLOR LAW PARTNERS** |
| Texarkana, Arkansas 71854 | 303 E. Millsap Road |
| (870) 772-4113 | Fayetteville, Arkansas 72703 |
| | (479) 443-5222 |

| | |
|---|---|
| Richard Norman | Tom Thompson |
| **CROWLEY NORMAN LLP** | Casey Castleberry |
| Three Riverway | **MURPHY, THOMPSON, ARNOLD** |
| Suite 1775 | **SKINNER & CASTLEBERRY** |
| Houston, Texas 77056 | 1141 E. Main St., Suite 300 |
| (713) 651-1771 | Batesville, Arkansas 72503 |
| | (870) 793-3821 |
| | |
| James M. Pratt | Jason E. Roselius |
| **JAMES M. PRATT JR P.A.** | **MATTINGLY & ROSELIUS, PLLC** |
| 144 Washington NW | 13182 N. MacArthur Blvd. |
| Camden, Arkansas 71707 | Oklahoma City, Oklahoma 73142 |
| (870) 836-7328 | (405) 603-2222 |

5. Homesite shall serve as the administrator of the Proposed Settlement, and may employ professionals to assist it in administering the Proposed Settlement. Homesite is authorized to and shall take all steps outlined in the Stipulation to administer the terms of the Proposed Settlement.

6. Pending the Court's final determination of whether the Proposed Settlement will be approved, all Class Members who have not timely and properly excluded themselves from the Settlement Class, and anyone acting on behalf of them, are barred and preliminarily enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or in any other capacity whatsoever, any action in any state or federal court, or before any other tribunal or forum of any kind, against Homesite or any Released Persons that assert any Released Claims, as defined in the Stipulation, that would be released and discharged upon final approval of the Proposed Settlement, except as the Court may further order upon written application of a Class Member after notice to all parties. Any person who knowingly violates this injunction will be liable for the costs and attorneys' fees incurred by Homesite or any of the Released Persons as a result of the violation.

7.　　The parties have prepared a notice that has been submitted to the Court as Exhibit 2 to the Stipulation (the "Individual Notice"). (ECF No. 51-1).

8.　　The Individual Notice, in substantially the same form and content as Exhibit 2, shall be mailed to Class Members as outlined in the Stipulation. By agreement, the parties' counsel are authorized to complete any missing information and to make any non-substantive revisions to the Individual Notice prior to disseminating it as necessary to fulfill the purposes of the Proposed Settlement. These non-substantive revisions need not be presented to the Court for approval prior to mailing of the Individual Notice. Any substantive revision(s) to the Individual Notice must be approved by the Court prior to mailing. The parties may informally inquire of the Court if there is a question as to whether a revision is substantive.

9.　　In addition to the Individual Notices mailed in accordance with paragraph 8 above, Homesite shall publish a notice ("Publication Notice") of the Settlement in the Arkansas Democrat-Gazette once a week for four consecutive weeks, as detailed in the Stipulation and in a form substantially similar to Exhibit 3 to the Stipulation. Any substantive revision(s) to the Publication Notice must be approved by the Court prior to mailing. The parties may informally inquire of the Court if there is a question as to whether a revision is substantive.

10.　　The Court has reviewed the Individual Notice and Publication Notice and finds: (1) the form and content of the notices constitute reasonable and best practicable notice under the circumstances; (2) the notices are reasonably calculated to apprise Class Members of the pendency of the action and of their right to object or opt-out of the Proposed Settlement; (3) the notices constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) the notices meet the requirements of the Federal Rules of Civil Procedure, the due-process requirements of the United States Constitution, and the requirements of any other

applicable rules of law.  The Individual Notice and Publication Notice are hereby approved.

11.     Not less than sixty (60) days prior to the Final Approval Hearing, Homesite shall send a copy of the Individual Notice by first-class mail to each potential Class Member for whom Homesite has ascertained a name and an address.

12.     Prior to posting of the Individual Notice by Homesite with the United States Postal Service, Homesite shall run all Class Member names and addresses through the "National Change of Address" (NCOALink) database to update addresses.  After the posting of the Individual Notice by Homesite, for any Individual Notices returned as undeliverable, Homesite shall utilize the services of a single commercial database resources entity (*e.g.*, Accurint, TransUnion, etc.) chosen by Homesite and make an attempt to obtain a more current mailing address for each returned Individual Notice.  The address obtained from the commercial database resource entity shall be used to mail a second notice to Class Members whose Individual Notices were returned undeliverable.  Homesite will not have an obligation to send a settlement check to an identified Class Member whose Individual Notice was twice returned as undeliverable.

13.     If any Individual Notice mailed to any potential Class Member is returned to Homesite as undeliverable—including both first and second mailings—Homesite will promptly log each Individual Notice returned as undeliverable and provide copies of the log to Class Counsel upon request.  The procedures set forth in the preceding paragraphs constitute reasonable and best practicable notice under the circumstances, and constitute an appropriate and sufficient effort to locate current addresses for Class Members such that no additional efforts to do so shall be required.  Upon request, Homesite shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

14.     No later than five (5) days prior to the Final Approval Hearing, Homesite shall

file with the Court an affidavit confirming dissemination of the Individual Notice and posting of the Publication Notice in accordance with the terms of this Order. The affidavit should also inform the Court of the number of Class Members opting out; the number of returned notices, both first and second mailings; and the number of objectors.

15. The costs of disseminating notice, as set forth above, shall be borne by Homesite as agreed in the Stipulation.

16. <u>The parties are directed to amend the Stipulation and reflect the modifications noted in this Order. A finalized, amended Stipulation must be presented to the Court for approval by no later than December 16, 2016. Once the Court has approved the amended Stipulation, no additional amendments may be made without prior approval of the Court.</u>

17. The eligibility of Class Members for payments and the amount of payments to eligible Class Members pursuant to the Proposed Settlement shall be determined in accordance with the terms and conditions of the Stipulations, which the Court preliminarily finds to be fair, adequate, and reasonable.

18. The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement at 9:00 a.m., March 22, 2017, at the United States Courthouse, Texarkana, Arkansas. This date shall be set forth in the Individual Notice and Publication Notice. During the Final Approval Hearing, the Court will consider and determine:

    a. Whether the Proposed Settlement should be finally approved by the Court as fair, reasonable, and adequate, and if so, whether to incorporate the Stipulation as the judgment of the Court that shall be binding on all Class Members who have not timely requested exclusion from the Settlement Class;

    b. Whether to confirm certification of the Settlement Class for settlement purposes only and whether the requirements of Federal Rule of Civil

          Procedure 23 have been met for purposes of certifying the Settlement Class;

c.     Whether notice to potential Class Members, in the form and manner described in this Order and the Stipulation, has been accomplished as directed, and whether such notice satisfies the requirements of Federal Rule of Civil Procedure 23 and due process as being the best notice practicable under the circumstances to all persons entitled thereto;

d.     Whether and in what amount Class Counsel shall be awarded attorneys' fees and expenses, as specified in the Stipulation;

e.     Whether and in what amount incentive compensation shall be awarded to the Class Representatives; and

f.     Objections, if any, made to the Proposed Settlement or any of its terms.

Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the members of the Settlement Class.

19.     Class Members who wish to exclude themselves from the Settlement Class must submit written requests for exclusion. To be effective, an exclusion request must include the Class Member's name and address; a clear and unequivocal statement that the Class Member wishes to be excluded from the Settlement Class; and the signature of the Class Member or, in the case of a Class Member who is deceased or incapacitated, the signature of the legally authorized representative of the Class Member, with written proof of such authority. The exclusion request must be mailed to Class Counsel at the address provided in the Individual Notice, and must be postmarked no later than twenty (20) days prior to the Final Approval Hearing.

20.     Class Members who submit timely and valid requests for exclusion in the manner set forth in the Individual Notice and the Stipulation shall be excluded from the Settlement Class. Class Members who exclude themselves from the Settlement Class will have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement,

and shall not be bound by the Proposed Settlement or any final judgment approving the Proposed Settlement.

21. All members of the Settlement Class who do not request exclusion in the manner set forth in the Individual Notice and the Stipulation[1] shall be bound by any final judgment entered pursuant to the Stipulation, and shall be barred and enjoined from asserting any Released Claims against any Released Persons, as defined in the Stipulation. Upon entry of a final judgment approving the Proposed Settlement, all members of the Settlement Class shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

22. Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Class Members who choose to object to the Proposed Settlement ("Objector") may file a written objection, as described below. Any Class Member may appear at the Final Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees and costs. The right to object to the Proposed Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a deceased or incapacitated Class Member. To be considered, an objection to the Proposed Settlement must:

    a. Contain a heading which includes the name of the case and case number;

    b. Provide the Objector's name, address, telephone number, and signature;

---

[1] The Court retains discretion to allow requests for exclusion not made in full, technical compliance with the Stipulation, upon a showing of good cause for failure to comply. However, requests for exclusion will not be considered after the Final Approval Hearing.

      c.      Indicate the specific reasons why the Objector objects to the Proposed Settlement;

      d.      Be filed with the Clerk of Court no later than twenty (20) days prior to the Final Approval Hearing;

      e.      Be sent to Class Counsel by first-class mail, and postmarked no later than twenty (20) days prior to the Final Approval Hearing;

      f.      Contain the name, address, bar number, and telephone of the Objector's counsel, if represented by an attorney. If the Objector is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in Arkansas federal district courts; and

      g.      State whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel.

In addition, an objection <u>should</u> contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

      i.      A detailed statement of the specific legal and factual basis for each and every objection;

      ii.      A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, along with the address of each witness and a summary of his/her proposed testimony;

      iii.      A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce; and

      iv.      Documentary proof of membership in the Settlement Class.

An Objector who does not include the above information in his/her objections will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.

      23.      Any Class Member who does not file proper or timely written objections to the Proposed Settlement in the manner described in this Order will not be permitted to present

objections at the Final Approval Hearing,[2] will be deemed to have waived any objections to the Proposed Settlement, and will be foreclosed from seeking review of the Stipulation or final judgment by appeal or otherwise.

24. Not less than thirty (30) days prior to the Final Approval Hearing, Class Counsel must file their motion and brief in support for attorneys' fees and expenses. Not less than ten (10) days prior to the Final Approval Hearing, Class Counsel must also file a motion and brief in support for final approval of the Proposed Settlement and Stipulation. Homesite, in its sole discretion, may also file a brief in support of final approval of the Proposed Settlement.

25. Not less than five (5) days prior to the Final Approval Hearing, Class Counsel and Homesite must file with the Court: (1) a list of persons who have timely excluded themselves from the Settlement Class or objected to the Proposed Settlement; and (2) the parties' response(s) to timely objections to the Proposed Settlement, if any.

26. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order or in the Stipulation, or the date and/or time of the Final Approval Hearing, without further notice to the Settlement Class.

27. Except for proceedings in furtherance of the Proposed Settlement, this action is stayed pending further order from the Court.

**IT IS SO ORDERED**, this 5th day of December, 2016.

                                                            /s/ Susan O. Hickey
                                                            Hon. Susan O. Hickey
                                                            United States District Judge

---

[2] The Court retains discretion to allow objections not made in full, technical compliance with the Stipulation, upon a showing of good cause for failure to comply. No objections will be heard after the Final Approval Hearing.