IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HARLAN BROWN and DONNA
BROWN, individually and on behalf
of all others similarly situated                                               PLAINTIFFS

v.                          Case No. 4:14-cv-4026

HOMESITE GROUP INCORPORATED
d/b/a HOMESITE HOME INSURANCE                                                  DEFENDANT

# FINAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Motion for Final Approval of Stipulation of Settlement ("Motion for Final Approval"). (ECF No. 58). Also before the Court is Plaintiffs' Application for Attorneys' Fees and Reimbursement of Costs Related to the Stipulation and Settlement and for Class Representative's Participation Fee ("Class Counsel's Application for Fees"). (ECF No. 57). Plaintiffs and Defendant Homesite Insurance Company of the Midwest ("Homesite") have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Amended Stipulation of Settlement filed with the Court on December 16, 2017. (ECF No. 56-1). On April 19, 2017, the Court held a final approval hearing on the motions. The Court finds the matter ripe for consideration.

## I. BACKGROUND

1.   Plaintiffs filed this action alleging that Homesite wrongfully depreciated the cost of labor when resolving structural claims in the State of Arkansas. Homesite has denied all wrongdoing and has maintained throughout this litigation that it has at all times paid claims when reasonable and appropriate to do so and has consistently acted in accordance with the governing laws and regulations of Arkansas and each State in which it does business.

2. After litigation between the parties and arms-length negotiations between Class Counsel and counsel for Homesite, the parties have reached a settlement that provides substantial benefits to a Settlement Class, in return for a release and dismissal of claims against Homesite.

3. On March 24, 2016, Plaintiffs and Homesite executed and filed a Stipulation of Settlement and accompanying exhibits. On December 16, 2016, the parties filed an Amended Stipulation of Settlement (the "Stipulation") in accordance with the Court's order.

4. The Stipulation is hereby incorporated by reference in this Final Judgment, and definitions and terms set forth in the Stipulation are hereby adopted and incorporated into this Final Judgment.

5. On March 24, 2016, Plaintiffs filed with the Court the original stipulation of settlement and exhibits thereto along with a motion for preliminary approval of the proposed settlement (the "Proposed Settlement").

6. On December 5, 2016, the Court entered an order preliminarily approving class settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, preliminarily certifying the Settlement Class as a class action for settlement purposes only, and scheduling a hearing for 9:00 am on March 22, 2017 to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation (the "Final Approval Hearing"). On January 9, 2017, the Court entered a text order rescheduling the Final Approval Hearing for April 19, 2017.

7. As part of its Preliminary Approval Order, the Court certified a Settlement Class defined as follows:

> All persons and entities who received actual cash value ("ACV") payments, directly or indirectly, from Homesite Insurance Company of the Midwest for physical loss or damage to their dwelling or other structures, such dwellings or other structures located in Arkansas, at any time during the Class Period, where the cost of labor was depreciated and never subsequently reimbursed by Homesite.
>
> Excluded from the Settlement Class are: (1) All persons and entities who received a replacement cost payment from Homesite Insurance Company of the Midwest; (2) All persons and entities who received a payment at least equal to the applicable policy limits on a total loss claim; (3) Homesite and its affiliates, officers, and directors; (4) Members of the judiciary and their staff to whom this action is assigned; and (5) Plaintiffs' counsel.
>
> "Class Period" means the period of November 22, 2008 through the date of Preliminary Approval.

8. As part of the Preliminary Approval Order, this Court approved a proposed notice, which provided Class Members with notice of the Proposed Settlement and Stipulation (the "Individual Notice"). In accordance with the Stipulation, the Individual Notice also explained the opportunity for Class Members to file objections to the Proposed Settlement and the process by which Class Members could exclude themselves from the Settlement Class. The Court also approved published notice of the Settlement in the Arkansas Democrat-Gazette (the "Publication Notice"), which further provided Class Members with information about the Proposed Settlement.

9. The Court ordered the Individual Notice, in the form attached to the Stipulation of Settlement as Exhibit "2", be mailed by Homesite, by first-class mail, postage prepaid, not less than sixty (60) days before the Final Approval Hearing (the "Notice Mailing Date") to all potential Class Members whose names and last known addresses were ascertained by Homesite through a reasonable search and inquiry of its records of claims by Class Members during the Class Period, with supplementation of those addresses as described in the Stipulation.

10. On April 7, 2017, Plaintiffs moved the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. (ECF No. 58). In support of the Motion for Final Approval, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of Individual Notice, evidence regarding the names of potential Class Members who timely submitted requests for exclusion from the Settlement Class, evidence regarding the negotiation of the Stipulation, evidence regarding the fairness, reasonableness, and adequacy of the terms of the Stipulation, and evidence regarding the fairness, reasonableness and adequacy of Class Counsel's Application for Fees. Plaintiffs also submitted a Brief in Support of Motion for Final Approval, setting forth extensive argument and authority along with various Exhibits attached thereto. Plaintiffs also filed Class Counsel's Application for Fees (ECF No. 57), which contained extensive argument and authority, with various exhibits attached thereto.

11. On April 19, 2017, the Court held the Final Approval Hearing in accordance with the Preliminary Approval Order.

12. At the Final Approval Hearing, Plaintiffs offered the following evidence in support of the Motion for Final Approval and Class Counsel's Application for Fees:

| Ex. # | ECF Doc. No. | Description |
|---|---|---|
| 1 | 51 | Motion to Certify and exhibits thereto |
| 2 | 52 | Memorandum Brief in Support of Motion to Certify |
| 3 | 52-1 | Keil Declaration and Exhibits thereto |
| 4 | 52-2 | Harlan Brown Declaration |
| 5 | 52-3 | Donna Brown Declaration |
| 6 | 55 | Order Granting Preliminary Approval |
| 7 | 56-1 | Amended Stipulation of Settlement and Exhibits thereto |
| 8 | 57-4 | Keil Declaration in Support of Fee Application |
| 9 | 57-5 | Harlan Brown Declaration in Support of Fee Application |
| 10 | 57-6 | Donna Brown Declaration in Support of Fee Application |

13. On April 12, 2017, Homesite filed a declaration that the mailing of the Court-approved Individual Notice was completed on February 16, 2017. The Individual Notice was mailed via First Class United States mail to 163 Class Members and the class representative, for a total of 164 mailings. Homesite received a total of 29 individual notices returned as undeliverable through April 5, 2017. With the assistance of Heffler Claims, a search of the names of the 29 class member whose Individual Notices were returned as undeliverable was performed using the commercial address database Transunion. A second notice was mailed to 21 of the 29 class members whose notices were returned. The remaining eight class members who did not receive a second mailing were determined to be deceased. None of the 21 second notices that were mailed have been returned. The Court finds that the percentage of Individual Notices that were returned without forwarding addresses (approximately 4.87%) is reasonable. As of April 11, 2017, Homesite had received no requests for exclusion, and the Court had received no objections. No objections were made at the Final Approval Hearing.

14. The parties have satisfactorily demonstrated that Individual Notices were mailed, and the Publication Notice was published, in accordance with the Stipulation and Preliminary Approval Order.

15. The Court finds that the Proposed Settlement provides substantial monetary benefits to Class Members. The maximum monetary liability of Homesite for settlement payments to Class Members, attorneys' fees, costs, and expenses of the litigation, and Court-approved participation awards to the Class Representatives is $173,127.36. In addition, Homesite has agreed to fund the costs of claims notice and administration. The payment procedure established under the Stipulation is uniform and fair, and provides Class Members with the opportunity to receive settlement payments as described in the Stipulation.

16. All persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Individual Notice and Publication Notice. No class member sought exclusion from the Settlement Class.

17. Class Members who did not timely file and serve an objection in writing to the Stipulation, to the entry of this Final Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Individual Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

18. At the Final Approval Hearing, the Court considered, among other matters described herein, (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23; (b) the fairness, reasonableness and the adequacy of the Stipulation; and (c) the fairness and reasonableness of Class Counsel's application for attorneys' fees under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments of Plaintiffs, Class Counsel and Homesite, but also rigorously and independently evaluated the Stipulation and Class Counsel's Application for Fees on behalf of Class Members, and as such, the Court considered arguments that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Attorneys' Fees, even though such arguments were not actually presented to the Court by pleading or oral argument.

19. In light of the matters presented in this action and the provisions of the Stipulation, the Court finds that the Proposed Settlement is a fair, reasonable and adequate compromise of the claims against Homesite, pursuant to Federal Rule of Civil Procedure 23. In considering a number of factors, the Court finds that:

a. The liability issues in this action and the suitability of this action for certification of a litigation class have been vigorously contested, particularly in respect to litigation manageability requirements;

b. This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

c. The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel or Homesite; and

d. Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

## II. CONCLUSIONS OF LAW

1. This Court has jurisdiction over the Plaintiffs, Homesite, and members of the Settlement Class.

2. The Court concludes that, for settlement purposes only, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable rules and law and can therefore be certified as a settlement class. Class Members are ascertainable by an objective standard and are too numerous to be joined, and questions of law and fact are common to all Settlement Class Members, as required by Rule 23(a)(l) and (2). The Class Representatives' claims are typical of those of the Settlement Class, as required by Rule 23(a)(3), and the Court finds that the Class Representatives are members of the Settlement Class. The Class Representatives and Class

Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4).

3. The Stipulation provides for the settlement of this action with Homesite by the Class Representatives on behalf of the members of the Settlement Class. The Stipulation provides that, in exchange for the releases described in the Stipulation and this Final Judgment, Homesite will provide substantial consideration consisting of settlement payments to all members of the Settlement Class, as described in the Stipulation.

4. The parties have provided evidence that the Individual Notices were disseminated and the Publication Notice was published in accordance with the Preliminary Approval Order and Stipulation, all of which informed members of the Settlement Class of the terms of the Proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their opportunity to object to the terms of the Stipulation.

5. Based on the Court's review of the admitted evidence and the arguments of counsel, the Court finds that the Individual Notices were mailed to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, and together with the Publication Notice: (i) constituted the best notice practicable; (ii) were reasonably calculated to apprise potential members of the Settlement Class of the pendency of the action, their right to object or exclude themselves from the Proposed Settlement and to appear at the Final Approval Hearing, and their right to monetary relief; (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) met all requirements of the Federal Rules of Civil Procedure and the requirements of due process under the United States Constitution, and requirements of any

other applicable rules or law. The Court further finds that the notice campaign concisely and clearly states in plain, easily understood language:

    a.    the nature of the action;

    b.    the definition of the class certified;

    c.    the class claims, issues, or defenses;

    d.    that a Class Member may object to the settlement;

    e.    that a Class Member may enter an appearance and be heard at the Final Approval Hearing in person or through counsel;

    f.    that the Court will exclude from the Settlement Class any member who timely requests exclusion, stating when and how members may elect to be excluded;

    g.    the date and time of the Final Approval Hearing; and

    h.    the binding effect of a Final Judgment on Class Members.

6. Having admitted and reviewed the evidence at the Final Approval Hearing concerning the success of the notice campaign, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to Class Members who had an earlier opportunity to request exclusion, but did not do so.

7. The Court finds that the Final Approval Hearing and the evidence before the Court clearly support a finding that the Stipulation was entered into in good faith, after arms-length negotiations between the Plaintiffs and Homesite.

8. The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Stipulation is fair, reasonable and adequate to members of the Settlement Class based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

9. The settlement of the action on the terms, conditions, and limitations set forth in the Stipulation is approved and confirmed in all respects as fair, reasonable, and adequate and in the best interest of the Settlement Class and Class Members, especially in light of the benefits made available to the Settlement Class and the costs and risks associated with the continued prosecution, trial and possible appeal of this complex litigation.

10. A review of the following factors supports a finding that the Proposed Settlement is fair, reasonable and adequate:

    a. The strength of the case for the plaintiffs on the merits, balanced against the amount offered in the settlement;

    b. The defendant's overall financial condition and ability to pay;

    c. The complexity, length and expense of further litigation; and

    d. The amount of opposition to the settlement.

11. Although the notice campaign was highly successful and resulted in notice being mailed to approximately 94.5% of the Class Members, no Class Members filed objections to the Proposed Settlement contained in the Stipulation. The complete lack of opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Proposed Settlement.

12. The Court, in evaluating the fairness, reasonableness, and adequacy of the Proposed Settlement, considered objections could have possibly been raised by any Class Member. After considering such possible objections, the Court finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate.

13. The Court finds that Class Counsel's requests for $48,607.82 in attorneys' fees and expenses and a participation fee of $1,500.00 to each Class Representative, to be paid by Homesite, are fair, reasonable, and adequate.

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to Rule 23, certification of the Settlement Class is confirmed for the purpose of the Proposed Settlement, in accordance with the Stipulation.

2. There were no timely requests for exclusion submitted by any Class Member. All members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Judgment and by the Stipulation and the Proposed Settlement embodied therein, including the releases provided for in the Stipulation and this Final Judgment.

3. All provisions and terms of the Stipulation are hereby finally approved in all respects. The parties to the Stipulation are hereby directed to consummate the Stipulation in accordance with its terms.

4. Plaintiffs' Motion for Final Approval (ECF No. 58) is hereby **GRANTED** and the Parties to the Stipulation are directed to consummate the terms of the Stipulation.

5. Plaintiffs Harlan Brown and Donna Brown are appointed as the representatives of the Settlement Class, and the following Class Counsel are appointed as counsel for the Settlement Class:

| | |
|---|---|
| Matt Keil | W.H. Taylor |
| John C. Goodson | Stevan E. Vowell |
| **KEIL & GOODSON P.A.** | William B. Putman |
| 406 Walnut Street | Timothy J. Myers |
| Texarkana, Arkansas 71854 | **TAYLOR LAW PARTNERS** |
| | 303 E. Millsap Road |
| | Post Office Box 8310 |
| | Fayetteville, Arkansas 72703 |
| | |
| Richard E. Norman | Tom Thompson |
| R. Martin Weber, Jr. | Casey Castleberry |
| **CROWLEY NORMAN LLP** | **MURPHY, THOMPSON, ARNOLD,** |
| Three Riverway, Ste. 1775 | **SKINNER & CASTLEBERRY** |
| Suite 1775 | 555 East Main Street, Suite 200 |
| Houston, Texas 77056 | Post Office Box 2595 |
| | Batesville, Arkansas 72503 |

     Jamie Pratt
     **JAMES M. PRATT JR P.A.**
     144 Washington Street, Northwest
     Camden, Arkansas 71701

  6. Upon the entry of this Final Judgment, each Class Member shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined in the Stipulation, and shall be conclusively bound by this Final Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion.

  7. "Released Claims" means and includes any and all known and unknown claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind of nature, whether *ex contractu* or *ex delicto,* statutory, common law or equitable, including but not limited to breach of contract, bad faith, or extracontractual claims, and claims for punitive or exemplary damages, arising from or relating to the application or calculation of Depreciation, which have been alleged or which could have been alleged by Class Members and Representative Plaintiffs, on behalf of themselves and/or on behalf of the Settlement Class, against the Released Person, to the same extent of res judicata protections as if the allegations had been litigated to finality. Released Claims do not include any claim for enforcement of the contemplated Stipulation of Settlement and/or Final Order and Judgment.

  8. "Released Persons" means Homesite and its past or present subsidiaries, indemnitees, parents, and/or affiliates, successors and predecessors in interest, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, members, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, advisers, insurers, co-insurers, re-insurers, and/or consultants.

9.	In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment, the Court permanently and forever bars and enjoins Plaintiffs, all Class Members, and anyone acting on their behalf, from filing, commencing, prosecuting, intervening in, or participating in (as parties or class members) any action in any federal or state court or before any other tribunal or forum of any kind, asserting any Released Claims against Homesite or any of the Released Parties (except as necessary before the Court to enforce the terms of the Stipulation). Any person who knowingly violates this injunction will be liable for the costs and attorneys' fees incurred by Homesite or any of the Released Parties as a result of such violation.

10.	Proprietary information of Homesite shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and other attorneys for Plaintiffs in this action shall destroy or return all Proprietary Information in their possession, custody, or control as set forth in the Stipulation.

11.	Class Counsel's Application for Fees (ECF No. 57) is hereby **GRANTED**. Accordingly, the Court awards Class Counsel the total sum of $48,607.82 in attorneys' fees and costs. In addition, the Court awards each Class Representative a participation fee of $1,500.00. The Court finds that these amounts are fair and reasonable. Homesite shall pay such fees to Class Counsel pursuant to the terms of the Stipulation.

12.	Payments to Class Members shall be made in the amounts, within the time periods, and in the manner described in the Stipulation.

13.	This action is **DISMISSED WITH PREJUDICE** in its entirety on the merits, without leave to amend.

14.	Without in any way affecting the finality of this Final Judgment, this Court shall

retain exclusive continuing jurisdiction over this action for purposes of:

    a.    Enforcing the Stipulation and the Proposed Settlement;

    b.    Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

    c.    Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**, this 27th day of April, 2017.

                                                                    /s/ Susan O. Hickey
                                                                    Susan O. Hickey
                                                                    United States District Judge